## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

JILL KLODOWSKI, *et al.*                                      :
               Plaintiffs,              :
                                :
               v.                         :     Civil No.:  5:25-cv-05293-JMG
                                :
KIA AMERICA, INC, *et al.*                                    :
               Defendants.             :

_____

## MEMORANDUM OPINION

**Gallagher, J.**                                                     **November 21, 2025**

### I.      OVERVIEW

This action arises from a motor vehicle crash on September 11, 2023, in which a 2014 Ford F-450 dump truck owned by Customized Paving and operated by Seth J. Badman collided with Plaintiff Jill Klodowski's 2023 Kia Telluride. Mrs. Klodowski alleges suffering devastating injuries, including a left-arm amputation, traumatic brain injury, and stroke. Plaintiffs filed suit in the Philadelphia County Court of Common Pleas on December 4, 2023. After extensive efforts, Kia could not be added as a party to the state-court action. To avoid statute-of-limitations concerns, Plaintiffs filed a subsequent action naming Kia America Inc., Kia Georgia, Inc., and Kia Corporation as Defendants, who then timely removed the case to federal court. Plaintiffs now move to remand, arguing that the Court should abstain from exercising jurisdiction under the *Colorado River* doctrine. Because the cases are not parallel, and even if they were, no "exceptional circumstances" exist to justify abstention, the Court declines to grant Plaintiffs' Motion to Remand.

### II.     BACKGROUND

Plaintiffs filed their initial civil action in the Philadelphia County Court of Common Pleas on December 4, 2023, against the driver of a dump truck (Seth Badman), the truck's owner (Customized Paving LLC), and several product manufacturers, including Altec entities and Samco. ECF No. 15-1

at p. 2. Although Kia was not formally named at that time, Plaintiffs contend that Kia was aware of and involved in the litigation "from the outset." *Id.* Beginning in August 2024, Plaintiffs claim they engaged Kia in good-faith settlement discussions, during which Kia attended three separate vehicle inspections: of the Kia Telluride on October 2, 2024, and of the Ford F-450 dump truck on January 14 and March 25, 2025, and also participated in mediation on August 25, 2025. *Id.*

While negotiations with Kia continued, Plaintiffs amended the state-court complaint multiple times to add additional defendants. *Id.* On October 3, 2024, Plaintiffs filed an *Amended Complaint*, adding Dean's Auto Plaza, Station Auto Body & Collision Center, and Alfaro's Service Center. ECF No. 15-1 at p. 2; *see also* ECF No. 11-2 at pp. 23-24. On April 17, 2025, all adverse parties stipulated to adding Kia America, Inc., and Ford Motor Company as defendants. ECF No. 15-1 at p. 2; *see also* ECF No. 11-3. Pursuant to that stipulation, Plaintiffs filed a *Second Amended Complaint* on June 11, 2025, adding Ford but not Kia, as Plaintiffs allege that negotiations with Kia were ongoing. ECF No. 15-1 at pp. 2-3; *see also* ECF No. 11-4.

When mediation ultimately failed and the statute of limitations approached, Plaintiffs attempted to file a *Third Amended Complaint* on September 8, 2025, naming Kia America, Inc., Kia Georgia, Inc., and Kia Corporation as Defendants (the "Kia Defendants"). ECF No. 15-1 at p. 3; *see also* ECF No. No. 11-6. However, the next day, the Philadelphia Office of Judicial Records rejected the filing, noting that a new stipulation or motion for leave to amend was required. ECF No. 15-1 at p. 3; *see also* ECF No. 11-8. Plaintiffs allege that because obtaining leave under Pennsylvania rules was impracticable and not all parties responded promptly to a new stipulation, despite having previously agreed to Kia's addition, they filed a separate action against the Kia Defendants in the Philadelphia Court of Common Pleas on September 10, 2025, alleging they intended to consolidate it with the original case under Pa.R.C.P. 213. ECF No. 1-1, *see also* ECF No. 15-1 at p. 3.

On September 15, 2025, after being served, Defendants Kia America and Kia Georgia removed the instant action to federal court pursuant to diversity jurisdiction.  ECF No. 1.

### III.    LEGAL STANDARD

"The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) *(*citing *Colorado River Water Conservation District et al. v. United States, 424 U.S. 800 (1976*)). "The doctrine is to be narrowly applied in light of the general principle that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *George V. Hamilton, Inc.*, 571 F.3d at 307 (citation omitted).

Under the *Colorado River* doctrine, the abstention analysis proceeds in two steps. First, the court must determine whether the state and federal proceedings are parallel. *See id*. at 308. If the actions are parallel, the court must then consider whether abstention is appropriate by evaluating the six factors established in *Colorado River*. *See id.*

The six factors courts examine to determine whether "extraordinary circumstances" exist pursuant to *Colorado River* are the following: "(1) [in an in rem case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Id.* (citation omitted). No single factor is determinative; rather, a careful judgment must weigh both the duty to exercise jurisdiction and the reasons against it, with the balance "heavily weighted in favor of the exercise of jurisdiction." *Id.* (citation omitted).

### IV.   DISCUSSION

#### a.   Federal and State Actions Are Not Parallel.

"Generally, proceedings are 'parallel' when they involve the same parties and substantially identical claims, raising nearly identical allegations and issues." *Vinco Ventures, Inc. v. Milam Knecht & Warner, LLP,* No. 5:20-CV-6577, 2021 WL 4441451, at *5 (E.D. Pa. Sept. 28, 2021), order clarified,

3

No. 5:20-CV-6577, 2022 WL 278702 (E.D. Pa. Jan. 31, 2022) (citation omitted). The Third Circuit has found that "only truly duplicative proceedings [should] be avoided"; thus, "[w]hen the claims, parties or requested relief differ, deference may not be appropriate." *Id*. (citation omitted; alteration in original). Therefore, if "the two actions are not 'parallel,' then the district court lacks the power to abstain, and the inquiry ends." *Id*.; *see also Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997).

The Court agrees with Defendants that these cases are not parallel. Although the Court understands Plaintiffs' position that, had they been permitted to file the *Third Amended Complaint*, they would have asserted claims against the Kia Defendants, the operative pleading remains the *Second Amended Complaint*, and it contains no claims against any of the Kia Defendants. While "[t]he cases need not be identical, … there must be a likelihood that the state litigation will dispose of all the claims presented in the federal case." *Perry v. Manor Care, Inc.*, No. CIV.A. 05-5767, 2006 WL 1997480, at *3 (E.D. Pa. July 14, 2006) (finding no parallelism where the state action included only negligence and vicarious-liability claims, while the federal action asserted an additional corporate-negligence claim). Here, because the state court action includes no claims against the Kia Defendants, it cannot resolve the claims at issue in the federal action.

Plaintiffs' state court case concerns only the alleged negligence that caused the collision between a Ford F-450 dump truck and Plaintiffs' Kia Telluride, and it includes no allegation that the Telluride was defective. ECF No. 12-1 at p. 12; *see also* ECF No. 11-4. The separate federal case, by contrast, concerns injuries caused by an alleged defect in the 2023 Kia Telluride's safety system that Plaintiff was driving during the September 11, 2023 motor vehicle crash. ECF No. 12-1 at p. 12; *see also* ECF No. 11-4. The two actions therefore involve different facts, different defendants, and different legal theories, and are thus not parallel. ECF No. 12-1 at p. 12; *see also* ECF No. 11-4.

However, even if the cases were deemed parallel, the *Colorado River* factors do not establish the kind of "extraordinary circumstances" necessary for this Court to abstain from exercising federal jurisdiction.

### b.  Colorado River Factors

Although this Court has found that the Plaintiffs' state and federal cases are not parallel for purposes of *Colorado River* abstention, we consider the factors under that doctrine assuming, arguendo, that the cases are parallel.

### 1.  Jurisdiction Over Any Res

The first factor, whether the state or federal court first assumed jurisdiction over the property, is not relevant, because neither court has exercised control over any property.

### 2.  Inconvenience of Federal Forum

The Philadelphia courthouse, where the state proceeding was filed, is approximately 55 miles from this federal courthouse, a distance that does not constitute substantial inconvenience under the second *Colorado River* factor, particularly given that much of the litigation can be conducted electronically or by mail. *See Golden Gate Nat. Sr. Care, LLC v. Minich ex rel. Est. of Shaffer*, 629 F. App'x 348, 352 (3d Cir. 2015) (finding that although the federal courthouse is over seventy miles from the state courthouse, most litigation will be conducted electronically or by mail, and the moderate travel for occasional in-court appearances rendered any inconvenience insufficient to justify abstention).

Plaintiff also argues that litigating in this Court would impose a "burden on parties and witnesses," emphasizing that the "Philadelphia Court is already managing the comprehensive litigation." ECF No. 15-1 at 9. But courts in this District have rejected inconvenience-based arguments where the federal forum lies within the same geographical boundaries as the relevant county. *See, e.g., Kuhn v. Oehme Carrier Corp.*, 255 F. Supp. 2d 458, 465 (E.D. Pa. 2003) (holding that because the county at issue falls within the Eastern District of Pennsylvania, any inconvenience to the parties would not be significant enough to warrant dismissal).

Thus, the minor inconvenience of the federal forum asserted by Plaintiff does not weigh in favor of abstention.

### 3. Avoiding Piecemeal Litigation

As the Third Circuit has noted, the mere existence of parallel state and federal proceedings inherently carries some risk of piecemeal litigation. *See Ryan,* 115 F.3d at 198. Although both the state and federal case arise from the same motor vehicle accident, this risk alone does not justify abstention absent a compelling federal policy favoring it. *See Capriotti v. Rockwell*, No. CV 19-3136, 2020 WL 12630541, at *4 (E.D. Pa. Jan. 7, 2020) (finding that this factor did not weigh in favor of abstention because, although the cases arise from the same events creating some risk of piecemeal litigation, defendants pointed to no strong federal policy requiring federal jurisdiction to yield, and the mere possibility of inconsistent rulings was insufficient); *see also Ryan*, 115 F.3d at 198 ("The presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts.").

In part, Plaintiffs rely on *U.S. Claims, Inc. v. Smolar*, 574 F. Supp. 2d 487 (E.D. Pa. 2008), arguing that this Court should abstain to avoid duplicative litigation, since the state court could adjudicate all related claims among all parties in a single proceeding. They emphasize that the Eastern District has "found this factor decisive where duplicative litigation would frustrate [a] comprehensive resolution." ECF No. 15-1 at 11. But that is a misreading of *Smolar*. In fact, the court in *Smolar* held that this factor did not support a stay because the defendant failed to identify "*any* congressional policy, much less a 'strongly articulated' one as required by the Third Circuit, suggesting that federal jurisdiction should yield in such a case." *Smolar*, 574 F. Supp. 2d at 490 (emphasis in original). For the same reason, this factor weighs against abstention here, as Plaintiffs have identified no congressional policy favoring a yield of federal jurisdiction.

Moreover, Plaintiffs' argument that abstention is warranted to avoid potential inconsistent rulings is unpersuasive. This District has held that the mere possibility of inconsistent rulings is not a sufficient basis for abstention. *See Capriotti*, 2020 WL 12630541, at *4. In any event, there is no actual risk of inconsistency here: none of the Kia Defendants are parties to the state action, and the state case

does not assert any claims regarding the defectiveness of the Kia Telluride, ECF No. 12-1 at 16. Accordingly, there is no realistic possibility of conflicting rulings on evidentiary matters.

### 4.  Order or Jurisdiction

This factor should "not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983). The state court case was initiated first in December 2023 and has advanced significantly, including pleadings, substantial motion practice, orders, stipulations, discovery certifications, and continues to be governed by the Revised Case Management Order. ECF No. 15-1 at pp. 11–12. This action, in contrast, has only proceeded to the pleadings stage.

As Defendants note, the Kia Defendants are not parties to the state case, so a full jurisdictional analysis cannot be conducted. ECF No. 12-1 at pp. 16-17. If, however, the Kia Defendants have participated in discovery as non-parties, as Plaintiffs allege, ECF No. 15-1 at p. 3, then this factor would slightly favor abstention, though only modestly given the limited overlap with discovery in this action. *See Capriotti*, 2020 WL 12630541, at *4 (finding that overlapping discovery slightly weighed in favor of abstention).

### 5.  Whether Federal or State Law Controls

"As a preliminary matter, federal courts and state courts are equally competent to apply the settled law of the state in which the state court sits." *LMP B&B Holdings, LLC v. Hannan*, No. CV 19-385, 2019 WL 4447627, at *7 (E.D. Pa. Sept. 16, 2019) (citation omitted). "This factor is only implicated when the state-law issues raised ... are particularly complex or unsettled." *Id.* (citations omitted).

Plaintiffs cite *U.S. Claims, Inc. v. Smolar* to suggest that having exclusively state-law issues "tilts slightly in favor of a stay." However, the *Smolar* court emphasized that the Third Circuit cautions that abstention cannot be justified merely because a case arises entirely under state law. *Smolar*, 574 F. Supp. at 490. Here, Plaintiffs do not contend that the claims, arising under ordinary Pennsylvania

products liability and negligence law, are anything other than routine. Accordingly, this factor does not favor abstention. *See Capriotti*, 2020 WL 12630541, at *5 (finding that the claims at issue, wrongful termination and intentional infliction of emotional distress, were routine and did not involve complex or novel state-law issues and therefore weighed against abstention).

### 6.    Whether the State Court will Adequately Protect the Interest of the Parties

"[T]he question whether parties' interests are protected is only relevant when they are not; that is, when the state court is adequate, this factor carries little weight." *Capriotti*, No. CV 19-3136, 2020 WL 12630541, at *5 (citing *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 172 (3d Cir. 1999)). The Court finds that the Philadelphia Court of Common Pleas can adequately protect the parties' rights. Accordingly, this factor is neutral and does not favor abstention.

### V.    CONCLUSION

The Court finds that the federal and state cases are not parallel. Even if they were, most of the six *Colorado River* factors are neutral or weigh against abstention, and the one factor that favors abstention does so only marginally. Thus, Plaintiffs have not shown the "exceptional circumstances" required to justify abstention. Nevertheless, to conserve judicial resources and avoid duplicative litigation, the Court is open to considering procedures to minimize overlapping efforts in this matter. *See Capriotti*, 2020 WL 12630541, at *5.

Given the strong presumption in favor of exercising jurisdiction, the Court declines to abstain under the *Colorado River* doctrine. Accordingly, Plaintiffs' Motion to Remand (ECF No. 11) is denied. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

8